**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:

CARLOS BRITO,

    Plaintiff,
v.

DOVE TREE MORGAN WOLF AIRPORT
CENTER LLC, TSUEN MAY TRADING,
INC., and RB DISTRIBUTOR, CORP.,

    Defendants.
_____/

## **COMPLAINT**

Plaintiff, CARLOS BRITO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues DOVE TREE MORGAN WOLF AIRPORT CENTER LLC, TSUEN MAY TRADING, INC., AND RB DISTRIBUTOR, CORP., (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, CARLOS BRITO, is an individual over eighteen years of age, residing

1

in Miami-Dade County, Florida, and is otherwise *sui juris.*

5. At all times material, Defendant, DOVE TREE MORGAN WOLF AIRPORT CENTER LLC., owned and operated a place of public accommodation at 5700 NW 72nd Ave, Miami, Florida 33166 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami, Florida.

6. At all times material, Defendant, DOVE TREE MORGAN WOLF AIRPORT CENTER LLC., was and is a Florida Corporation, organized under the laws of the state of Florida with its principal place of business in Miami Beach, Florida.

7. At all times material, Defendant, TSUEN MAY TRADING, INC., owned and operated a retail restaurant at 5900 NW 97th Ave, Miami, Florida 33178[1] (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami, Florida.

8. At all times material, Defendant, TSUEN MAY TRADING, INC, was and is a Florida Profit Corporation, with its principal place of business in Doral, Florida.

9. At all times material, Defendant, RB DISTRIBUTOR, CORP., owned and operated a commercial retail space at 7230 NW 58th St Miami, Florida 33166[2], (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami, Florida.

10. At all times material, Defendant, RB DISTRIBUTOR, CORP., was and is a Florida Profit Corporation, with its principal place of business in Miami, Florida. Defendant, RB

---

[1] This address is located within the retail shopping center and place of public accommodation at 5700 NW 72nd Ave, Miami, Florida 33166 owned and operated by landlord Defendant, DOVE TREE MORGAN WOLF AIRPORT CENTER LLC.
[2] This address is located within the retail shopping center and place of public accommodation at 5700 NW 72nd Ave, Miami, Florida 33166 owned and operated by landlord Defendant, DOVE TREE MORGAN WOLF AIRPORT CENTER LLC.

DISTRIBUTOR, CORP., holds itself to the public as "Rainbow."

11. Venue is properly located in the Southern District of Florida because Defendants' Commercial Property is located in Miami-Dade County, Florida, Defendants regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

12. Although over twenty-eight (28) years have passed since the effective date of Title III of the ADA, Defendants have yet to make its facilities accessible to individuals with disabilities.

13. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' business and properties.

14. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

15. Plaintiff, CARLOS BRITO, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, CARLOS BRITO, is, among other things, a paraplegic (paralyzed from his T-6 vertebrae down) and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. Plaintiff requires the use of a wheelchair to ambulate.

16. Defendant DOVE TREE MORGAN WOLF AIRPORT CENTER LLC., owns, operates and oversees the common areas of the Commercial Property, to include but not limited to, its general parking lot and parking spots. TSUEN MAY TRADING, INC., owns and operates

the commercial retail store located at 5900 NW 97th Ave, Miami, Florida 33178. RB DISTRIBUTOR, CORP., owns and operates the commercial retail store located at 7230 NW 58th St Miami, Florida 33166. The subject Commercial Property and retail stores are open to the public and is located in Miami, Miami-Dade County, Florida.

17.     The individual Plaintiff visits the Commercial Property and retail stores located within the Commercial Property, and returned to the Property to document the ADA barriers at the Commercial Property and business located within the Commercial Property on or about July 15, 2021 encountering multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property, Restaurant Space and business located therein. He often visits the Commercial Property and businesses located within the Commercial Property in order to avail himself of the goods and services offered there, and because it is approximately fourteen (14) miles from his residence, as well as other business he frequents as a patron. He plans to return to the Commercial Property, the business located within the Commercial Property within two (2) months of the filing of this Complaint, specifically on or about March 5, 2022.

18.     Plaintiff resides nearby in the same County and state as the Commercial Property and the businesses located within the Commercial Property, has frequented the Defendants' Commercial Property and the businesses located within the Commercial Property for the intended purposes because of the proximity to his residence and other business that he frequents as a patron, and intends to return to the Commercial Property and business located within the Commercial Property within two (2) months from the filing of this Complaint. Specifically, Plaintiff intends to revisit the Property on or about March 5, 2022.

19.     The Plaintiff found the Commercial Property and the businesses located within the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural

barriers at the Commercial Property, and the businesses located within the Commercial Property, and wishes to continue his patronage and use of each of the premises.

20.     The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and business located within the Commercial Property. The barriers to access at Defendants' Commercial Property, Restaurant Space, and the business located within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and the businesses located within the Commercial Property and have endangered his safety in violation of the ADA.  The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, CARLOS BRITO, and others similarly situated.

21.     Defendant, DOVE TREE MORGAN WOLF AIRPORT CENTER LLC., owns and operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.  Defendant, TSUEN MAY TRADING, INC, owns and operates a retail store within the Commercial Property. Defendant, RB DISTRIBUTOR, CORP., owns and operates the retail store within the Commercial Property. Defendants, DOVE TREE MORGAN WOLF AIRPORT CENTER LLC, TSUEN MAY TRADING, INC., AND RB DISTRIBUTOR, CORP., are responsible for complying with the obligations of the ADA.

22.     Plaintiff, CARLOS BRITO, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the business located within the Commercial Property, including but not necessarily limited to the allegations in Counts I and III of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination

at the Commercial Property, and business located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and business located therein, not only to avail himself of the goods and services available at the Commercial Property, and business located within the Commercial Property, but to assure himself that the Commercial Property and business located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and business located within the Commercial Property without fear of discrimination.

23. Defendant, DOVE TREE MORGAN WOLF AIRPORT CENTER LLC., as landlord and owner of the Commercial Property Business, is responsible for all ADA violations listed in Count I, II and II of this Complaint. Defendant, TSUEN MAY TRADING, INC., as owner of the business therein, are jointly and severally liable for the violations listed in Count II. Defendant, RB DISTRIBUTOR, CORP., as owner of the business therein, are jointly and severally liable for the violations listed in Count III.

24. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I
## AS TO DOVE TREE MORGAN WOLF AIRPORT CENTER LLC.

25. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 24 above as though fully set forth herein.

26. Defendant, DOVE TREE MORGAN WOLF AIRPORT CENTER LLC., has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants

6

have 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

    A. <u>Parking</u>

i. The plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: There are accessible parking spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: There are accessible parking space access aisles located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The plaintiff had difficulty accessing the facility, as there are designated accessible parking spaces located too far from an accessible route to the facility. Violation: Some of the accessible parking spaces are not located on the shortest route to an accessible entrance, violating Section 4.6.2 of the ADAAG and Section 208.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The plaintiff had difficulty accessing the facility, as there are sections without designated accessible parking spaces. Violation: Accessible parking spaces are not dispersed and located closest to accessible entrances, violating Section 4.6.2 of the ADAAG and Section 208.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

v.   The required number of accessible parking spaces is not provided, violating Section 4.1.2(5a) and 4.6.1 of the ADAAG and Section 208.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

     B.  Entrance Access and Path of Travel

i.   The plaintiff had difficulty traversing the path of travel, as it is not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.  The plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The plaintiff had difficulty using some of the curb ramps, as the slopes are excessive. Violation: There are curb ramps at the facility that contain excessive slopes, violating Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.  The plaintiff could not navigate the curb ramps without assistance, as there are curb ramps at the facility that contain excessive flared side slopes, violating Section 4.7.5 of the ADAAG and Section 406.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v.   The plaintiff had difficulty entering tenant spaces without assistance, as the entrance thresholds are too high. Violation: There are threshold rises more than ½ inch at the tenant entrances,

        violating Section 4.13.8 of the ADAAG and Section 404.2.5 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The plaintiff had difficulty entering tenant spaces without assistance, as the door hardware requires tight grasping. Violation: The tenant entrance doors have non-compliant hardware for disabled patrons, violating Section 4.13.9 of the ADAAG and Sections 309.4 and 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. The plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

viii. The plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT II**
**AS TO DOVE TREE MORGAN WOLF AIRPORT**
**CENTER LLC, and TSUEN MAY TRADING, INC.**

27.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 24 above as though fully set forth herein.

28.     Defendants, DOVE TREE MORGAN WOLF AIRPORT CENTER LLC, TSUEN MAY TRADING, INC., have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

    A.  Entrance Access and Path of Travel

i. The plaintiff could not traverse through areas of the store, as the required 36" path is not provided. Violation: A continuous path of travel connecting all essential elements of the store is not provided, violating Sections 4.2.1, 4.3.2(3), & 4.3.3 of the ADAAG and Sections 206.2.2 & 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

## COUNT III
## AS TO DOVE TREE MORGAN WOLF AIRPORT CENTER LLC, and RB DISTRIBUTOR, CORP.

29. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 24 above as though fully set forth herein.

30. Defendants, DOVE TREE MORGAN WOLF AIRPORT CENTER LLC, AND RB DISTRIBUTOR, CORP., have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

    A.  Public Restrooms

i. There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The plaintiff had difficulty entering the restroom without assistance, as the door threshold is too high. Violation: There are threshold rises in excess of ½ inch at the restroom entrances, violating Section 4.13.8 of the ADAAG and Section 404.2.5 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.

iv. The plaintiff had difficulty using the locking mechanism on the restroom door without assistance, as it requires tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The plaintiff could not transfer to the toilet without assistance, as the grab bars are missing. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or insulated violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. The plaintiff could not use the soap bottle without assistance, as it requires a tight grasp to operate. Violation: The soap dispensers require a tight grasp to operate in violation of Section 4.27.4 of the ADAAG and Section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

viii. The plaintiff could not use the lavatory faucets without assistance, as they require a tight grasp and twist to operate. Violation: Compliant faucets are not provided at the lavatory violating Sections 4.19.5 and 4.27.4 of the ADAAG and Sections 309.4 and 606.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ix. The plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG

and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

41. The discriminatory violations described in Counts I and II are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, CARLOS BRITO, from further ingress, use, and equal enjoyment of the Commercial Business and business located within the Commercial Property; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. A complete list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

42. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' buildings, business and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

43. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

44. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.  Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

45. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

46. Notice to Defendants is not required as a result of the Defendants' failure to cure

the violations by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

47. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate the business, located at and/or within the commercial property located at 13920 SW 47 Street, Miami, Florida, the exterior areas, and the common exterior areas of the Commercial Property and business located within the Commercial Property, to make those facilities readily accessible and useable to The Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, The Plaintiff, CARLOS BRITO, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under

Title III of the Americans with Disabilities Act.

Dated: January 6, 2022.

                                **GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
4937 S.W. 74th Court
Miami, Florida 33155
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com;
dperaza@lawgmp.com

By: ___*/s/ Anthony J. Perez*_____
     ANTHONY J. PEREZ
     Florida Bar No.: 535451
     BEVERLY VIRUES
     Florida Bar No.: 123713